IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL M. REVELES,

                                         ORDER

              Petitioner,

                                      11-cv-378-bbc

     v.

LIZZY TEGELS,
Warden, New Lisbon Correctional Institution

            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 20, 2012, I denied petitioner Michael Reveles's petition for a writ of habeas corpus under 28 U.S.C. § 2254. In that order, I also denied petitioner a certificate of appealability. Now, petitioner has filed a notice of appeal and requests leave to proceed in forma pauperis on appeal. He has submitted a trust fund account statement for the six months preceding the filing of his appeal.

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. §

1

1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I do not intend to certify that petitioner's appeal is not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, I add the deposits made to petitioner's account and calculate 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed in forma pauperis. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

From petitioner's trust fund account statement, I conclude that he qualifies for indigent status. Further, I assess petitioner an initial partial payment of the $455 fee for filing his appeal in the amount of $95.92.

If petitioner does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount petitioner must pay at this time is the $95.92 initial partial appeal payment. Before prison officials take any portion of that amount from petitioner's release account, they may first take from petitioner's regular

2

account whatever amount up to the full amount petitioner owes. Petitioner should show a copy of this order to prison officials to insure that they are aware they should send petitioner's initial partial appeal payment to this court.

On a final note, petitioner also requests leave to use the original record in accordance with Fed. R. App. P. 24(c). Dkt. #45. Pursuant to Fed. R. App. P. 24(c), a party allowed to proceed on appeal in forma pauperis may request that the appeal be heard on the original record without reproducing any part. Petitioner's request will be granted.

ORDER

IT IS ORDERED that

1. Petitioner Michael Reveles's request for leave to use the original record in accordance with Fed. R. App. P.(c), dkt. #45, is GRANTED.

2. Petitioner's request for leave to proceed in forma pauperis on appeal, dkt. #45, is GRANTED. Petitioner may have until May 11, 2012, in which to submit a check or money order made payable to the clerk of court in the amount of $95.92. If, by May 11, 2012, petitioner fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Further, the clerk of court is requested to insure that the court's financial records

reflect petitioner's obligation to pay the $95.92 initial partial payment and the remainder of the $455 fee.

Entered this 24th day of April, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4